Howard D. Burnett, ISB No. 3377
HAWLEY TROXELL ENNIS & HAWLEY LLP
333 South Main Street
P.O. Box 100
Pocatello, Idaho 83204-0100
Telephone: 208.233.0845
Facsimile: 208.233.1304
E-mail: hburnett@hawleytroxell.com

Jason D. Scott, ISB No. 5615
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5262
E-mail: jscott@hawleytroxell.com

Attorneys for Defendants LHP Hospital Group, Inc.,
Norman Stephens, and John Abreu

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROCKY MOUNTAIN MEDICAL MANAGEMENT, LLC and TERRY ELQUIST,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>LHP HOSPITAL GROUP, INC.; PORTNEUF HEALTH CARE FOUNDATION; LHP MANAGEMENT SERVICES, LLC; POCATELLO HOSPITAL, LLC; POCATELLO HEALTH SYSTEM, LLC; POCATELLO HEALTH SERVICES, LLC; LHP POCATELLO, LLC; LHP HOSPITAL PARTNERS, INC.; NORMAN STEPHENS and JOHN ABREU,<br><br>　　　　　Defendants. | Case No. 4:13-cv-00064<br><br>NOTICE OF REMOVAL |

NOTICE OF REMOVAL - 1

PLEASE TAKE NOTICE that Defendants LHP Hospital Group, Inc., Norman Stephens, and John Abreu (collectively, "Original Defendants") remove this action from the District Court of the Sixth Judicial District of the State of Idaho, in and for the County of Bannock, to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

As required by 28 U.S.C. § 1446(a) and Local Civil Rules 5.2(d) and 81.1(a), this Notice of Removal includes a Civil Cover Sheet (as its Exhibit 1), a copy of the state court Register of Actions as of February 8, 2013 (as its Exhibit 2), and the following documents comprising the entire state court record (as its Exhibits 3-72):

3. Verified Complaint and Demand for Jury Trial, filed March 30, 2012;

4. Summons, filed March 30, 2012

5. Another Summons, filed March 30, 2012;

6. Another Summons, filed March 30, 2012;

7. Notice of Appearance, filed April 16, 2012;

8. Affidavit of Service, filed April 16, 2012;

9. Return of Service, filed April 16, 2012;

10. Return of Service, filed April 16, 2012;

11. Notice of Hearing, filed April 20, 2012;

12. Motion to Dismiss, filed April 20, 2012;

13. Motion to Disqualify, filed April 20, 2012;

14. Memorandum in Support of Motion to Dismiss, filed May 4, 2012;

15. Order to Disqualify, filed May 9, 2012;

16. Notice of Vacating Hearing, filed May 9, 2012;

17. Administrative Order of Reference, filed May 14, 2012;

18. Amended Notice of Hearing, filed May 18, 2012;

19. Memorandum in Opposition to Defendants' Motion to Dismiss, filed June 4, 2012;

20. Motion to Amend, filed June 4, 2012;

21. Subpoena Duces Tecum to Janelle Larsen, filed June 4, 2012;

22. Return of Service on Janelle Larsen, filed June 4, 2012;

23. Notice Vacating Hearing, filed June 6, 2012;

24. Amended Verified Complaint and Demand for Jury Trial, filed June 7, 2012;

25. Notice Vacating Subpoena Duces Tecum to Janelle Larsen, filed June 13, 2012;

26. Motion to Dismiss Amended Verified Complaint, filed June 18, 2012;

27. Memorandum in Support of Motion to Dismiss Amended Verified Complaint, filed June 29, 2012;

28. Notice of Hearing, filed June 29, 2012;

29. Second Memorandum in Opposition to Defendants' Motion to Dismiss, filed July 12, 2012;

30. Reply Memorandum in Support of Motion to Dismiss Amended Verified Complaint, filed July 18, 2012;

31. Memorandum Decision on Motion to Dismiss, filed August 22, 2012;

32. Order for Submission of Information for Scheduling Order, filed September 7, 2012;

33. Answer to Amended Verified Complaint and Demand for Jury Trial, filed September 10, 2012;

34. Notice of Association of Counsel, filed September 12, 2012;

35. Notice of Service, filed September 14, 2012;

NOTICE OF REMOVAL - 3

36. Agreed Response to Order for Submission of Information for Scheduling Order, filed September 21, 2012;

37. Order Setting Telephone Status Conference, filed October 10, 2012;

38. Notice of Compliance, filed October 16, 2012;

39. Notice of Compliance, filed October 22, 2012;

40. Notice of Service, filed November 1, 2012;

41. Notice of Service, filed November 1, 2012;

42. Order on Status Conference, filed November 5, 2012;

43. Notice of Service, filed November 7, 2012;

44. Notice of Service, filed November 14, 2012;

45. Affidavit of Counsel Supporting Plaintiffs' First Motion to Compel and for Other Discovery Relief, filed November 14, 2012;

46. Plaintiffs' Memorandum Supporting First Motion to Compel and for Other Discovery Relief, filed November 14, 2012;

47. Plaintiffs' First Motion to Compel and for Other Discovery Relief, filed November 14, 2012;

48. Notice of Hearing, filed November 14, 2012;

49. Amended Notice of Hearing, filed November 19, 2012;

50. Affidavit of Eugene A. Ritti, filed November 26, 2012;

51. Memorandum in Opposition to Plaintiffs' First Motion to Compel and for Other Discovery Relief, filed November 26, 2012;

52. Stipulation for Entry of Protective Order, filed November 26, 2012;

53. Affidavit of Gary L. Cooper re: Plaintiffs' First Motion to Compel, filed November 30, 2012;

54. Plaintiffs' Reply Memorandum Supporting First Motion to Compel and for Other Discovery Relief, filed November 30, 2012;

55. Protective Order, filed November 30, 2012;

56. Hearing transcript, filed December 11, 2012;

57. Notice of Compliance, filed December 18, 2012;

58. Notice of Compliance, filed December 18, 2012;

59. Motion to Amend Order on Status Conference, filed December 28, 2012;

60. Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel and Sustaining in Part and Overruling in Part Defendants' Objections, filed January 3, 2013;

61. Notice of Service, filed January 9, 2013;

62. Order to Amend Order on Status Conference, filed January 11, 2013;

63. Affidavit of Service, filed January 11, 2013;

64. Affidavit of Service, filed January 11, 2013;

65. Affidavit of Service, filed January 11, 2013;

66. Notice of Service, filed January 11, 2013;

67. Notice of Appearance and Substitution of Counsel for Defendants, filed January 14, 2013;

68. Memorandum in Support of Motion to Quash or for Protective Order, filed January 23, 2013;

69. Motion to Quash or for Protective Order, filed January 23, 2013;

70. Notice of Hearing, filed January 25, 2013;

71. Second Amended Verified Complaint and Demand for Jury Trial, filed February 1, 2013; and

72. Consent to Filing of Second Amended Verified Complaint, filed February 8, 2013.

The basis for removal is as follows:

A. On or about March 30, 2012, Plaintiffs Rocky Mountain Medical Management, LLC and Terry Elquist filed in the District Court of the Sixth Judicial District of the State of Idaho, in and for the County of Bannock, their original complaint in this action, naming Original Defendants as the only defendants. This action then was assigned Case No. CV-2012-1377-OC.

B. The original complaint provided no basis for removing this action to federal court, as it included no federal claims and complete diversity of citizenship was lacking.

C. Plaintiffs filed their first amended complaint on June 7, 2012, again naming Original Defendants as the only defendants.

D. The first amended complaint also provided no basis for removing this action to federal court, as it included no federal claims and complete diversity of citizenship was lacking.

E. On February 1, 2013, Plaintiffs filed their second amended complaint and sent a copy of it via e-mail to Original Defendants' counsel.

F. On February 8, 2013, Original Defendants filed with the state court (and served on Plaintiffs' counsel) their Consent to Filing of Second Amended Verified Complaint, thereby giving effect under Rule 15(a) of the Idaho Rules of Civil Procedure to the pleading amendments embodied in the second amended complaint.

G. In the second amended complaint, Plaintiffs asserted claims against not only Original Defendants, but also Portneuf Health Care Foundation, LHP Management Services, LLC, Pocatello Hospital, LLC, Pocatello Health System, LLC, Pocatello Health Services, LLC, LHP Pocatello, LLC, LHP Hospital Partners, LLC, and LHP Hospital Partners, Inc. (collectively, "New Defendants").

H. More importantly, in the second amended complaint, Plaintiffs for the first time asserted claims arising under federal law, specifically antitrust claims arising under 15 U.S.C. §§ 1, 2, and 15.  This Court has original jurisdiction over those claims under 28 U.S.C. § 1331 and supplemental jurisdiction over all attendant state-law claims under 28 U.S.C. § 1367.  The second amended complaint made this action removable to federal court under 28 U.S.C. § 1441.

I. New Defendants have not yet been served with process, so their joinder in or consent to removal is not required.  28 U.S.C. § 1446(b)(2)(A).

J. This Notice of Removal is timely because it is being filed within thirty days of receipt by Original Defendants of the second amended complaint, the filing of which made this action removable.  28 U.S.C. § 1446(b)(3).

K. Through the Court's CM/ECF system, Plaintiffs' counsel will receive written notice of this Notice of Removal upon its filing.

L. Additionally, promptly after filing this Notice of Removal, Original Defendants will serve Plaintiffs' counsel by mail with, and will file in the District Court of the Sixth Judicial District of the State of Idaho, in and for the County of Bannock, a Notice of Filing of Notice of Removal.  Exhibit 73 to this Notice of Removal is a copy of the Notice of Filing of Notice of Removal (excluding its Exhibit A).

DATED THIS 8th day of February, 2013.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By *Jason D. Scott*
Jason D. Scott

Attorneys for Defendants LHP Hospital Group, Inc., Norman Stephens, and John Abreu

NOTICE OF REMOVAL - 7

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 8th day of February, 2013, I filed the foregoing document electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic filing:

Gary L. Cooper
COOPER & LARSEN, CHARTERED
gary@cooper-larsen.com

Lowell N. Hawkes
LOWELL N. HAWKES, CHARTERED
LNHChartered@yahoo.com

[Attorneys for Plaintiffs]

*Jason D. Scott*

_____
Jason D. Scott